UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ANTONIO DOSANJOS and
SIMEON MIONGO,

Plaintiffs,

v.

MULTIBAND FIELD SERVICES, INC.

Defendant.

Civil Action No.: 1:15-CV-10592

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Multiband Field Services, Inc. for its answer, states as follows:

### I.  PARTIES

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff Antonio Dosanjos ("Plaintiff Dosanjos").

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff Simeon Miongo's ("Plaintiff Miongo").

3.      Defendant admits the allegations in this paragraph.

### II.  FACTS

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs and, further answering, states that, among other things, Defendant employs individuals to install equipment for use in the satellite television industry.

8.     Defendant admits that Plaintiff Dosanjos was hired on or about July 26, 2005 as a Service Technician.

9.     Defendant admits that Plaintiff Miongo was hired on or about May 20, 2010 as a Service Technician.

10.     Defendant admits that Plaintiffs worked from Defendant's South Easton location and that they were members of Local 103 of the International Brotherhood of Electrical Workers ("IBEW") during their respective periods of employment.

11.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs and, further answering, states that Waldinison Timas was employed by Defendant in a supervisory capacity.

12.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs and, further answering, states that it was able to schedule Plaintiffs on days other than Saturdays under the operation of a prior collective bargaining agreement and that Plaintiffs provided information about their religious beliefs.

13.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs and, further answering, states that it informed Plaintiffs that it was required to schedule Plaintiffs on Saturdays under the operation of a collective bargaining agreement negotiated on behalf of all bargaining unit members, which commenced in 2013, and that Plaintiffs provided information about their religious beliefs.

14.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs and, further answering, states that it was required to schedule Plaintiffs on Saturdays under the operation of a collective bargaining agreement negotiated on behalf of all bargaining unit members, which commenced in 2013, and that Plaintiffs did not work their scheduled Saturday shifts or swap these shifts with other employees for different shifts as permitted under the collective bargaining agreement.

15.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs and, further answering, states that Plaintiffs were informed of the five consecutive day scheduling requirement under the operation of a collective bargaining agreement negotiated on behalf of all bargaining unit members which commenced in 2013.

16.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs.

17.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs.

18.     Defendant denies the allegations in this paragraph as recounted by Plaintiffs and, further answering, states that employees including Plaintiffs were scheduled under the operation of a collective bargaining agreement negotiated on behalf of all bargaining unit members, which commenced in 2013, and that Plaintiffs did not work certain of their scheduled Saturday shifts or swap these shifts with other employees for different shifts as permitted under the collective bargaining agreement.

19.     Defendant denies the allegations as recounted by Plaintiffs and further answering, states that Plaintiffs received coaching while employed by Defendant.

20.     Defendant denies the allegations as recounted by Plaintiffs and further answering, states that Plaintiffs received warnings while employed by Defendant.

21.     Defendant denies the allegations as recounted by Plaintiffs and further answering, states that Plaintiffs received warnings while employed by Defendant.

22.     Defendant denies the allegations as recounted by Plaintiffs.

23.     Defendant denies the allegations as recounted by Plaintiffs and further answering, states that Plaintiffs received discipline while employed by Defendant.

24.     Defendant denies the allegations as recounted by Plaintiffs and further answering, states that Plaintiffs were separated from their employment with Defendant.

25.     Defendant states that this paragraph refers to documents which speak for themselves and, further answering, states that, to the extent this paragraph contains allegations of fact inconsistent with the documents referenced, they are denied.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Further, Defendant states that this paragraph refers documents which speak for themselves and, further answering, states that, to the extent this paragraph contains allegations of fact inconsistent with the documents referenced, they are denied.

27.     Defendant states that this paragraph contains conclusions of law to which no response is required and, further answering, states that to the extent this paragraph contains allegations of fact, they are denied.

COUNT I

<u>VIOLATION OF M.G.L.c. 151B – RELIGIOUS CREED DISCRIMINATION</u>

28.     Defendant restates its responses to the allegations in paragraphs 1-27 and incorporates those responses as set forth fully herein.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.     Defendant denies the allegations in this paragraph.

31.     Defendant denies the allegations in this paragraph.

32.     Defendant denies the allegations in this paragraph.

33.     Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Every action taken by Defendant with respect to Plaintiffs' employment was taken for legitimate business purposes and was consistent with principles of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their alleged damages, although the existence of such alleged damages is not admitted hereby or herein.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to exhaust their internal remedies.

### EIGTH AFFIRMATIVE DEFENSE

At all times, Defendant made a good faith effort to comply with its obligations under the state and federal employment discrimination statutes.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or any recovery of damages is barred because Plaintiffs' unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or otherwise took action to avoid harm.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendant provided any accommodations to Plaintiffs which were required under applicable law and which would not have caused Defendant an undue hardship and/or Defendant was not required to provide the requested accommodation because to do so would violate a bona-fide and bargained-for seniority system and/or otherwise violate scheduling provisions bargained for in a collective bargaining agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under M.G.L. c. 151B are preempted by Section 301 of the Labor Management Relations Act (LMRA) because their claims require an interpretation of the collective bargaining agreement governing the terms and conditions of their employment.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damages, such damages were not caused by any acts and/or omissions of Defendant and/or anyone for whom Defendant is responsible.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

All allegations in the Complaint not specifically admitted are hereby denied.


## **Reservation of Rights**

Defendant reserves the right to raise such additional affirmative defenses as may be discovered during the course of these proceedings.

WHEREFORE, Defendant respectfully requests that the Court:

1.      Enter judgment in Defendant's favor and dismiss Plaintiff's Complaint in its entirety;

2.      Award Defendant its costs;

3.      Deny Plaintiff's claims for damages in their entirety; and

4.      Award Defendant such other relief as may be just and proper.

                                Respectfully submitted,

                                MULTIBAND FIELD SERVICES, INC.

                                By their attorney,

                                /s/ Christopher J. Campbell
                                Christopher J. Campbell (BBO#630665)
                                JACKSON LEWIS P.C.
                                75 Park Plaza, 4th Floor
                                Boston, MA 02116
                                (617) 367-0025; FAX: (617) 367-2155
                                Campbellc@jacksonlewis.com

Dated:  March 13, 2015


### CERTIFICATE OF SERVICE

        I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 13, 2015 and by first class U.S. mail, postage pre-paid to any non-registered participants.


                                 /s/ Christopher J. Campbell
                                Christopher J. Campbell